## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**LEO P. DESSELLE, III**                                          **CIVIL ACTION**

**VERSUS**                                                              **No. 20-1357**

**TD AUTO FINANCE LLC**                                       **SECTION I**

### ORDER & REASONS

Before the Court is defendant TD Auto Finance LLC's ("TD") motion[1] to dismiss with prejudice the claims of plaintiff Leo P. Desselle, III ("Desselle") pursuant to Federal Rule of Civil Procedure 12(b)(6).  Desselle, who is proceeding pro se, has not opposed the motion.  For the following reasons, the motion is granted without prejudice.

The Court understands Desselle's complaint as bringing claims against TD for violations of 15 U.S.C. § 1681s-2(a), a provision of the Fair Credit Reporting Act ("FCRA"), and Section 5(a) of the Federal Trade Commission Act ("FTCA").[2]  Desselle alleges that TD, a debt collector for purposes of the FCRA, violated these statutes by furnishing certain inaccurate information to credit reporting agencies.[3]  He also alleges that TD failed to respond to a letter he sent in December 2018, informing TD that he was challenging their reporting.[4]

---

[1] R. Doc. No. 9.
[2] R. Doc. No. 1, at 2.
[3] *Id.*  Desselle's complaint includes a list of TD's violations.  *Id.* at 3.  Attached to the complaint are exhibits which Desselle suggests are evidence of the violations.  *Id.* at 5–9.
[4] *Id.* at 3.

While TD argues that plaintiff's allegations are facially inaccurate, the Court need not (and does not) reach that issue. While the Court construes pro se pleadings liberally, no liberal construction can stave off dismissal of these claims.

Desselle claims that § 1681s-2(a) "authorizes the Court to award monetary civil penalties" and asks the Court to does so.[5] § 1681s-2(a) addresses the "[d]uty of furnishers of information to provide accurate information" to consumer reporting agencies. 15 U.S.C. § 1681s-2(a). However, there is no private right of action to enforce it—and Desselle has already had at least one similar suit dismissed for, in part, this reason. *See Desselle v. Ford Motor Credit Co. LLC*, No. 14-1147, 2014 WL 4635545, at *3 (E.D. La. Sept. 15, 2014) (Fallon, J.) ("15 U.S.C. § 1681s-2(a) provides no private right of action.").

Desselle also brings a claim under the FTCA.[6] This too fails as a matter of law because Desselle has no power to enforce the FTCA. *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 176 (5th Cir. 2016) (citing *Fulton v. Hecht*, 580 F.2d 1243, 1248 n.2 (5th Cir. 1978)).

Accordingly,

**IT IS ORDERED** that the defendant's motion to dismiss is **GRANTED WITHOUT PREJUDICE**.

New Orleans, Louisiana, December 18, 2020.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[5] R. Doc. No. 1, at 3.
[6] *Id.* at 2.